**SO ORDERED.**

**SIGNED this 29 day of August, 2014.**



_____
**David M. Warren
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

RAYMOND S. CARPENTER, JR.,                    CASE NO. 14-00737-5-SWH

          DEBTOR.                                    CHAPTER 13

### ORDER DENYING MOTION FOR VALUATION AND MOTION TO AVOID LIENS WITHOUT PREJUDICE

This matter comes on to be heard upon the Motion to Value Collateral and Avoid Lien and the Motion to Avoid Liens filed by Raymond S. Carpenter, Jr. ("Debtor"). The court conducted a hearing in Raleigh, North Carolina on August 20, 2014. Scott Lippert, Esq. appeared for the Debtor, and Michael B. Burnett, Esq. appeared on behalf of the Chapter 13 Trustee. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.    This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on February 6, 2014 ("Petition Date").

3. The Debtor owns real property ("Property") as tenants by the entirety with his spouse, Rachel Carpenter, from whom he is separated.

4. As of the Petition date, an equitable distribution proceeding between the Debtor and Ms. Carpenter was pending in the Wake County District Court, Case No. 13 CVD 13741.

5. Pursuant to the terms of a Separation Agreement between the Debtor and Ms. Carpenter, Ms. Carpenter is required to execute a Quitclaim Deed conveying her interest in the Property to the Debtor; however, the Debtor has not received that Deed, and the Property is still vested in them as tenants by the entirety.

6. The Property secures a first lien deed of trust ("DOT") in favor of Bank of America, N.A. and a second lien home equity line of credit in favor of Green Tree Servicing ("Green Tree"). There are also eight judgment liens ("Judgment Liens") on the Property in favor of eight creditors ("Judgment Lien Creditors").

7. In the Motion to Value Collateral and Avoid Lien, the Debtor asserts that the value of the Property is less than the balance owed on the DOT, and therefore the claim of Green Tree is fully unsecured. Likewise, in the Motion to Avoid Liens, the Debtor asserts that because the balance owed on the DOT is higher than the value of the Property, the Judgment Liens should be avoided.[1]

---

[1] In the Motions, the Debtor seeks to have the lien of Green Tree and the Judgment Liens "avoided" but cites 11 U.S.C. § 506, which provides for "lien stripping," rather than 11 U.S.C. § 522(f), which governs avoidance of liens. It appears the Debtor has cited the correct statute but has used the incorrect terminology in the Motion to Value Collateral and Avoid Lien. Regarding the Motion to Avoid Liens, it appears from the Debtor's statement that the Property is exempt that the Debtor could be asserting an argument for avoidance under 11 U.S.C. § 522(f); however, the subsequent reference to a case involving 11 U.S.C. § 506 indicates that the Motion to Avoid Liens is being brought pursuant to 11 U.S.C. § 506, as is stated in the Motion.

8.  The relief requested by the Debtor is unavailable at this time. Quoting the Fourth Circuit Court of Appeals, "11 U.S.C. § 541 mandates that a debtor's bankruptcy estate contains 'all legal or equitable interests of the debtor in property as of the commencement of the case.' Thus, under this provision, a debtor's undivided interest in entireties property is part of that debtor's bankruptcy estate." *Alvarez v. HSBC Bank USA, N.A. (In re Alvarez)*, 733 F.3d 136, 141 (4th Cir. 2013) (internal citations omitted).  A non-filing spouse's interest in entireties property, on the other hand, is not part of a debtor's bankruptcy estate. *Id*.

9.  A bankruptcy court is "without authority to modify a lienholder's rights with respect to a non-debtor's interest in a property held in a tenancy by the entirety." *Id.*, 733 F.3d at 142.  Thus, until Ms. Carpenter transfers her interest in the Property to the Debtor, the court cannot declare the lien of Green Tree fully unsecured.

10. The Motion to Avoid Liens does not state whether the Judgment Liens are solely against the Debtor or against both the Debtor and Ms. Carpenter.  Any of the Judgment Liens that are against both the Debtor and Ms. Carpenter cannot be declared fully unsecured or avoided by this court until the Debtor takes full title to the Property; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion to Value Collateral and Avoid Lien and the Motion to Avoid Liens be, and hereby are, denied without prejudice to the Debtor refiling the Motions upon obtaining full title to the Property.  Further, the attorney's fees requested by the Debtor for the Motions will also be denied without prejudice.

END OF DOCUMENT